**TREYZON & ASSOCIATES, LLP**
Federico Castelan Sayre, Esq. (SBN: 067420)
*fred@treyzon.com*
Boris Treyzon, Esq. (SBN: 188893)
*bt@treyzon.com*
Gregory Peacock, Esq. (SBN: 277669)
*gregory@treyzon.com*
6 Hutton Centre Drive, Suite 600
Santa Ana, CA  92707
T: (714) 382-6795 / F: (714)716-8445

**STEVEN A. LERMAN & ASSOCIATES, INC.**
Steven A. Lerman, Esq.  (SBN: 55839)
6033 West Century Blvd., Suite 740
Los Angeles, CA 90045
T: (310) 659-8166/ F: (310) 285-0779

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA TERESA ABREGO, individually and as Successor-in-Interest of Decedent Omar Abrego, OMAR JESUS ABREGO, a minor, individually and as Successor-in-Interest of Decedent Omar Abrego, NATHAN ANTHONY ABREGO, a minor, individually and as Successor-in-Interest of Decedent Omar Abrego, CHASITY ABREGO, a minor, individually and as Successor-in-Interest of Decedent Omar Abrego<br><br>                    Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, OFFICER ROBERT CALDERON, OFFICER JEFF MARES, SERGEANT TONYA DUMMAR, SERGEANT | **CASE NO: 2:15-cv-00039-BRO (JEMx)**<br><br>Assigned for all purposes to:<br>Judge Beverly Reid O'Connell<br><br>**PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES**<br><br>1.  Violation Of Federal Civil Rights [42 U.S.C. §§ 1983, 1985, 1986, 1988]<br><br>2.  Violation Of Federal Civil Rights: Monell Claim [42 U.S.C. §§ 1983, 1985, 1986, 1988]<br><br>3.  Violation of the Ralph Civil Rights Act [Cal. Civ. Code, § 51]<br><br>4.  Violation of the Bane Civil Rights Act [Cal. Civ. Code, § 52.1]<br><br>5.  Negligence |

1

ERNEST BERRY, SERGEANT ISAIAS ORNELAS, OFFICER ALBERTO FUNES, OFFICER RENEE SANTOS, OFFICER ERIC QUACH, OFFICER ROBERT DEAMER, OFFICER SOCORRO LOZA,  and DOES 1 through 10, Inclusive,

        Defendants.

6.  Wrongful Death – Medical Malpractice

**DEMAND FOR JURY TRIAL**

---

COME NOW PLAINTIFFS, MARIA TERESA ABREGO, OMAR JESUS ABREGO, NATHAN ANTHONY ABREGO AND CHASITY ABREGO, DO HEREBY ALLEGE AND COMPLAIN AS FOLLOWS:

<u>**PARTIES**</u>

1.  Plaintiff, MARIA TERESA ABREGO is the surviving spouse of Decedent OMAR ABREGO, and at all times mentioned herein was an individual residing in Los Angeles County, State of California. MARIA TERESA ABREGO, individually, is an 'heir at law' of decedent OMAR ABREGO, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of her husband, OMAR ABREGO, under California Code Of Civil Procedure section 377.60.  Plaintiff MARIA TERESA ABREGO may maintain causes of action under 42 U.S.C. §1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. section 1983, violation of California Civil Code §§ 51.7, 52 and 52.1.   Plaintiff MARIA TERESA ABREGO, may maintain a cause of action for wrongful death based on medical malpractice against the hospital and healthcare providers named herein, and may recover damages for the loss of her husband.

2.  Plaintiff, OMAR JESUS ABREGO, a minor, is a surviving child of Decedent OMAR ABREGO, and at all times mentioned herein was an individual residing in Los Angeles County, State of California. OMAR JESUS ABREGO, individually, is an

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

'heir at law' of decedent OMAR ABREGO, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his father, OMAR ABREGO, under California Code Of Civil Procedure section 377.60. OMAR JESUS ABREGO may maintain causes of action under 42 U.S.C. §1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1. Plaintiff OMAR JESUS ABREGO, may maintain a cause of action for wrongful death based on medical malpractice against the hospital and healthcare providers named herein, and may recover damages for the loss of his father.

3. Plaintiff, NATHAN ANTHONY ABREGO, a minor, is a surviving child of Decedent OMAR ABREGO, and at all times mentioned herein was an individual residing in Los Angeles County, State of California. NATHAN ANTHONY ABREGO, individually, is an 'heir at law' of decedent OMAR ABREGO, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his father, OMAR ABREGO, under California Code Of Civil Procedure section 377.60. NATHAN ANTHONY ABREGO may maintain causes of action under 42 U.S.C. §1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1. Plaintiff NATHAN ANTHONY ABREGO, may maintain a cause of action for wrongful death based on medical malpractice against the hospital and healthcare providers named herein, and may recover damages for the loss of his father.

4. Plaintiff, CHASITY ABREGO, a minor, is a surviving child of Decedent OMAR ABREGO, and at all times mentioned herein was an individual residing in Los Angeles County, State of California. CHASITY ABREGO, individually, is an 'heir at law' of decedent OMAR ABREGO, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an

action for wrongful death based upon the death of her father, OMAR ABREGO, under California Code Of Civil Procedure section 377.60. CHASITY ABREGO may maintain causes of action under 42 U.S.C. §1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1.  Plaintiff CHASITY ABREGO, may maintain a cause of action for wrongful death based on medical malpractice against the hospital and healthcare providers named herein, and may recover damages for the loss of her father.

5.  Defendant OFFICER ROBERT CALDERON is and at all times mentioned herein was, an Officer employed by the Los Angeles Police Department, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein, and was, at all relevant times herein mentioned, acting under color of state law as an employee, agent, and representative of every other Defendant.

6.  Defendant OFFICER JEFF MARES is and at all times mentioned herein was, an Officer employed by the Los Angeles Police Department, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein, and was, at all relevant times herein mentioned, acting under color of state law as an employee, agent, and representative of every other Defendant.

7.  Defendant SERGEANT TONYA DUMMAR is and at all times mentioned herein was, an Sergeant employed by the Los Angeles Police Department, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein, and was, at all relevant times herein mentioned, acting under color of state law as an employee, agent, and representative of every other Defendant.

8.  Defendant SERGEANT ERNEST BERRY is and at all times mentioned Herein was, an Sergeant employed by the Los Angeles Police Department, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein, and was, at all relevant times herein mentioned, acting under color of state law as an employee, agent, and representative of every other Defendant.

9.  Defendant OFFICER ALBERTO FUNES is and at all times mentioned

Herein was, an Officer employed by the Los Angeles Police Department, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein, and was, at all relevant times herein mentioned, acting under color of state law as an employee, agent, and representative of every other Defendant.

10. Defendant OFFICER RENEE SANTOS is and at all times mentioned herein was, an Officer employed by the Los Angeles Police Department, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein, and was, at all relevant times herein mentioned, acting under color of state law as an employee, agent, and representative of every other Defendant.

11. Defendant OFFICER ERIC QUACH is and at all times mentioned herein was, an Officer employed by the Los Angeles Police Department, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein, and was, at all relevant times herein mentioned, acting under color of state law as an employee, agent, and representative of every other Defendant.

12. Defendant OFFICER ROBERT DEAMER is and at all times mentioned herein was, an Officer employed by the Los Angeles Police Department, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein, and was, at all relevant times herein mentioned, acting under color of state law as an employee, agent, and representative of every other Defendant.

13. Defendant OFFICER ISAIAS ORNELAS is and at all times mentioned herein was, an Officer employed by the Los Angeles Police Department, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein, and was, at all relevant times herein mentioned, acting under color of state law as an employee, agent, and representative of every other Defendant.

14. Defendant OFFICER SOCORRO LOZA is and at all times mentioned herein was, an Officer employed by the Los Angeles Police Department, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein, and was, at all relevant times herein mentioned, acting under color of state law as an employee, agent, and representative of every other Defendant.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

15. Plaintiffs are informed and believe that Defendant CITY OF LOS ANGELES (Hereinafter, "CITY"), is an incorporated municipality doing business in the State of California with its principal place of business in Los Angeles, and the employer of the individual officers named as Defendants in this action.

16. Plaintiffs are informed and believe and thereon allege that Defendant LOS ANGELES POLICE DEPARTMENT (Hereinafter "LAPD") is a public entity existing within the State of California, County of Los Angeles. Plaintiffs are informed and believe that Defendant LAPD is and was the official police agency for the CITY, at all times mentioned herein, and is the employer of the individual officers named as Defendants in this action.

17. Plaintiffs are informed and believe that Defendant DOES 1-10 are supervisors, officers and/or staff of the LAPD and/or CITY and are fictitiously named individuals whose true names are unknown at this time to Plaintiffs. The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names and will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and based thereon allege that each of the fictitious named Defendants are responsible for the acts complained of herein.

18. At all relevant times herein, each of the Defendants was an agent, servant, or employee of each of the remaining Defendants acting under color of State and/or Federal law, and was at all times acting within the time, purpose or scope of said agency or employment, and was acting with the express or implied knowledge, permission or consent of the remaining Defendants, and each of them. Each of the Defendants held out the other as its authorized representative and each of the Defendants ratified the conduct of its agents. At all times herein mentioned, DOES 1-10 were and are Defendants whose identity is unknown at this time who supervised, controlled, or were in some manner responsible for the activities alleged herein and proximately caused Plaintiffs' damages.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

**GOVERNMENTAL CLAIM**

19.    The governmental claim requirement was satisfied.  On November 5, 2014, the governmental claim was acknowledged as having been received.  On November 18, 2014, notice was provided that the governmental claim was denied.

**FACTUAL ALLEGATIONS**

20.    On or about August 2, 2014, Plaintiffs MARIA TERESA ABREGO, OMAR JESUS ABREGO, a minor, NATHAN ANTHONY ABREGO, a minor, and CHASITY ABREGO, a minor, were residing at 6921 69th Street, Los Angeles, CA 90003. Decedent OMAR ABREGO also resided at 6921 69th Street, Los Angeles, CA 90003. At the time of the subject incident, decedent OMAR ABREGO was 37 years old.

21.    On or about the evening of August 2, 2014, while Decedent OMAR ABREGO was lawfully operating a vehicle on the 6900 block of South Main Street, in the City of Los Angeles, Defendants LAPD OFFICERS ROBERT CALDERON and JEFF MARES, while acting within the course and scope of their duties as employees of the LAPD and acting as representatives of the CITY, initiated a police traffic stop of Decedent's vehicle.

22.    Defendants OFFICERS ROBERT CALDERON and JEFF MARES ordered Decedent OMAR ABREGO to yield to OFFICERS traffic stop and exit the interior of the vehicle, to which Decedent complied.

23.    Decedent OMAR ABREGO was not acting in the commission of any crime, at the time he was pulled over and approached by Defendant OFFICERS ROBERT CALDERON and JEFF MARES.

24.    At the time he was approached and stopped by Defendant OFFICERS ROBERT CALDERON and JEFF MARES, Decedent OMAR ABREGO was unarmed.

25.    Within moments, Defendant OFFICERS ROBERT CALDERON and JEFF MARES unlawfully seized Decedent OMAR ABREGO's person, and intentionally and/or negligently exerted such unreasonable and unlawful force as to be reasonably foreseeable to cause severe and fatal injury.

26.    Decedent OMAR ABREGO was transported to defendant CENTINELA

7

**PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES**

HOSPITAL AND MEDICAL CENTER, where he was treated for the injuries he sustained in the incident with police officers, and where he expired in the early hours of August 3, 2014.

27.    The activities undertaken by the Defendant OFFICERS ROBERT CALDERON and JEFF MARES constituted an inappropriate seizure of a person under the Fourth Amendment of the United States Constitution as decedent OMAR ABREGO was; 1) not acting in the commission of any crime when approached by Defendant OFFICERS ROBERT CALDERON and JEFF MARES; 2) clearly unarmed at the time; 3) compliant with Defendant OFFICERS ROBERT CALDERON and JEFF MARES orders.

28.    The unjustifiable use of force by Defendant OFFICERS ROBERT CALDERON and JEFF MARES, upon Decedent OMAR ABREGO constituted further unconstitutional violations of decedent's civil rights, in that they constituted excessive and deadly force in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

29.    The actions of Defendants, and each of them, were in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the actions undertaken by Defendants constituted an unjustified seizure of his person, deprivation of his liberty interest, excessive force and were in violation of Decedent's civil rights under color of law under 42 U.S.C. § 1983 and other sections of the United States Code as more fully set forth herein.

30.    Plaintiffs are informed and believe, and thereon allege, that Defendants CITY, LAPD and/or DOES 1-10 and their decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of the Decedent OMAR ABREGO and Plaintiffs, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things: subjecting people to unreasonable uses of force against their persons;

　　　　　a.  Selecting, retaining and assigning employees with demonstrable

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

propensities for excessive force, violence, and other misconduct;

      b.  Failing to adequately train, supervise, and control employees in the dangers of repeated discharge of firearms, including, without limitation, the use of potentially lethal tactics, on individuals who may have pre-existing medical conditions which make such tactics unreasonably dangerous.

      c.  Failing to adequately discipline officers engaged in misconduct;

      d.  Condoning and encouraging officers in the belief that they can violate the rights of persons such as the decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

    31.  Following the unlawful seizure and force used upon OMAR ABREGO, Defendants SERGEANT TONYA DUMMAR, SERGEANT ERNEST BERRY, SERGEANT ISAIAS ORNELAS, OFFICER ALBERTO FUNES, OFFICER RENEE SANTOS, OFFICER ERIC QUACH, OFFICER ROBERT DEAMER, OFFICER SOCORRO LOZA, and DOES 1 through 10, inclusive unlawfully entered and searched Omar Abrego and Plaintiffs' home without a warrant, consent, exigent circumstances or any other lawful justification for entering the home.

    32.  The actions of Defendant OFFICERS ROBERT CALDERON and JEFF MARES, SERGEANT TONYA DUMMAR, SERGEANT ERNEST BERRY, SERGEANT ISAIAS ORNELAS, OFFICER ALBERTO FUNES, OFFICER RENEE SANTOS, OFFICER ERIC QUACH, OFFICER ROBERT DEAMER, OFFICER SOCORRO LOZA, and DOES 1 through 10, inclusive, as aforesaid, violated the Fourth and Fourteenth Amendments of the United States Constitution and violated 42 U.S.C. § 1983. The violation of decedent OMAR ABREGO's civil rights directly and proximately caused the injuries and damages to Plaintiffs as more fully set forth below.

    33.  Plaintiffs are informed and believe and thereon allege that Defendants CITY and/or LAPD have a longstanding custom, policy and practice of violating civil rights, including excessive use of force and other similar actions, and ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other

defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of plaintiffs and their decedent.

34.    Plaintiffs allege that Defendants acted in violation of the United States Constitution and that Decedent OMAR ABREGO's constitutional rights were violated. Defendants, and each of them, acted in violation of decedent's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. Decedent OMAR ABREGO was subjected to an excessive amount of force where he had committed no criminal act, engaged in no suspicious criminal activity, and was seized without probable cause by Defendants while acting under color of law, pursuant to their actual and apparent authority.

35.    As a result of the repeated unconstitutional and negligent actions of Defendants, and each of them, OMAR ABREGO died. Plaintiffs have suffered, and continue to suffer, devastating and overwhelming severe emotional distress, disgust, shock, anger, fright, nervousness and terror. Plaintiffs have further suffered economic and non-economic damages.

**FIRST CAUSE OF ACTION**
**VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(By Plaintiffs Against Defendants Officer Robert Calderon, Officer Jeff Mares, Sergeant Tonya Dummar, Sergeant Ernest Berry, Sergeant Isaias Ornelas, Officer Alberto Funes, Officer Renee Santos, Officer Eric Quach, Officer Robert Deamer, and Officer Socorro Loza and Does 1-10, inclusive)**

36.    Plaintiffs incorporate each and every preceding paragraph as though fully set forth herein.

37.    This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the Fourth Amendment and Fourteenth Amendment to

10

the United States Constitution.

38.    Defendant OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10, and each of them, owed a duty of ordinary care to avoid harm to Decedent OMAR ABREGO.

39.    Plaintiffs contend and herein allege that Defendant OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10, and each of them, breached these aforementioned duties, either negligently or intentionally, in relation to all their interactions with Decedent OMAR ABREGO, on August 2, 2014, including, but not limited to, use of excess and deadly force upon Decedent OMAR ABREGO while unarmed.

40.    Plaintiffs contend and herein allege that the aforementioned negligent/intentional breach of their duties by OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10, constituted violations of the civil rights of Decedent OMAR ABREGO, in contravention of 42 U.S.C. § 1983 of the Fourth and Fourteenth Amendments of the Constitution of the United States. Plaintiffs further contend and allege that OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10's disregard of Decedent OMAR ABREGO's aforementioned civil rights was done by either actual malice or deliberate indifference to Decedent OMAR ABREGO's civil rights.

41.    Plaintiffs contend and herein allege that OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10's intentional use of excessive and deadly force upon Decedent OMAR ABREGO, who was unarmed, was the legal cause of OMAR ABREGO's death on August 2, 2014.

42.    On or about August 2, 2014, OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10, and each of them, violated Decedent OMAR ABREGO's civil rights under the Fourth and Fourteenth Amendments of the United States Constitution prohibiting unlawful search and seizure and violation of due process of law. The violation was under color of State and Federal law. OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10, and each of them, acted in violation of the Fourth and Fourteenth Amendments of the United States Constitution, when decedent

11

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

OMAR ABREGO was subjected to excessive force and killed.

43.    Following the unlawful seizure and force used upon OMAR ABREGO, Defendants SERGEANT TONYA DUMMAR, SERGEANT ERNEST BERRY, SERGEANT ISAIAS ORNELAS, OFFICER ALBERTO FUNES, OFFICER RENEE SANTOS, OFFICER ERIC QUACH, OFFICER ROBERT DEAMER, OFFICER SOCORRO LOZA, and DOES 1 through 10, inclusive unlawfully entered and searched Omar Abrego and Plaintiffs' home without a warrant, consent, exigent circumstances or any other lawful justification for entering the home – a violation of the Fourth Amendment.

44.    The actions of Defendant OFFICERS ROBERT CALDERON and JEFF MARES, SERGEANT TONYA DUMMAR, SERGEANT ERNEST BERRY, SERGEANT ISAIAS ORNELAS, OFFICER ALBERTO FUNES, OFFICER RENEE SANTOS, OFFICER ERIC QUACH, OFFICER ROBERT DEAMER, OFFICER SOCORRO LOZA, and DOES 1 through 10, inclusive, as aforesaid, violated the Fourth and Fourteenth Amendments of the United States Constitution and violated 42 U.S.C. § 1983. The violation of decedent OMAR ABREGO's civil rights directly and proximately caused the injuries and damages to Plaintiffs as more fully set forth below.

45.    The false and illegal seizure and use of excessive force upon Decedent OMAR ABREGO, was in violation of his civil rights to be free from the unreasonable search and seizure of his person, to be free from the loss of his physical liberty interest, and denial of substantive due process under the Fourth and Fourteenth Amendments of the United States Constitution. In addition, in taking the aforesaid action Defendant OFFICERS ROBERT CALDERON and JEFF MARES and Does 1-10, and each of them, violated OMAR ABREGO's civil rights, by being deliberately indifferent to OMAR ABREGO's physical security, as set forth in *Wood v. Ostrander*, 879 F.2d 583.

46.    Defendant OFFICERS ROBERT CALDERON, JEFF MARES, SERGEANT TONYA DUMMAR, SERGEANT ERNEST BERRY, SERGEANT ISAIAS ORNELAS, OFFICER ALBERTO FUNES, OFFICER RENEE SANTOS, OFFICER ERIC QUACH, OFFICER ROBERT DEAMER, OFFICER SOCORRO

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

LOZA, and DOES 1 through 10, inclusive, and each of theirs, actions as aforesaid directly and proximately caused injuries and damages to Plaintiffs, as more fully set forth below.

47.    On or about August 2, 2014, Defendant OFFICERS ROBERT CALDERON and JEFF MARES and Does 1-10 violated OMAR ABREGO's and Plaintiffs' Civil Rights by using a degree of physical coercion which was not objectively reasonable under the circumstances. OMAR ABREGO, who was unarmed, posed no threat to anyone, including defendants, was cooperative with the officers, and had committed no crime. Defendant OFFICERS ROBERT CALDERON and JEFF MARES and Does 1-10 use of excessive force was unreasonable and in violation of OMAR ABREGO's and Plaintiffs' civil rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from an unreasonable seizure of his person and to be free from a loss of physical liberty. Defendant OFFICERS ROBERT CALDERON and JEFF MARES and Does 1-10's use of excessive force was in violation of OMAR ABREGO's and Plaintiffs' Fourth and Fourteenth Amendment Rights.

48.    Defendant OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10's use of excessive force was unreasonable and in violation of OMAR ABREGO's and Plaintiffs' civil rights and violated the Fourteenth Amendment to the United States Constitution as their actions were sadistic and malicious and did not further any legitimate legal purpose.

49.    Each of Defendant OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10 named herein, is individually liable for the violation of decedent OMAR ABREGO's and Plaintiffs' Civil Rights apart and aside from the customs, policies and practices of CITY and/or LAPD.

50.    As a direct and proximate result of the conduct Defendant OFFICERS ROBERT CALDERON and JEFF MARES, SERGEANT TONYA DUMMAR, SERGEANT ERNEST BERRY, SERGEANT ISAIAS ORNELAS, OFFICER ALBERTO FUNES, OFFICER RENEE SANTOS, OFFICER ERIC QUACH, OFFICER ROBERT DEAMER, OFFICER SOCORRO LOZA, and DOES 1 through 10, inclusive,

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

and each of them, Decedent OMAR ABREGO suffered the following injuries and damages for which Plaintiffs may recover:

      a. Violation of decedent OMAR ABREGO's Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, deprivation of life and liberty and denial of due process of law;

      b. Loss of the life of OMAR ABREGO including the value of his life;

      c. Conscious physical pain, suffering and emotional trauma during the incident.

      As a direct and proximate result of the actions of Defendant OFFICERS ROBERT CALDERON and JEFF MARES, SERGEANT TONYA DUMMAR, SERGEANT ERNEST BERRY, SERGEANT ISAIAS ORNELAS, OFFICER ALBERTO FUNES, OFFICER RENEE SANTOS, OFFICER ERIC QUACH, OFFICER ROBERT DEAMER, OFFICER SOCORRO LOZA, and DOES 1 through 10, inclusive,, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

      d. Loss of love, aide, comfort and society due to the death of decedent OMAR ABREGO, according to proof;

      e. Loss of economic support of decedent OMAR ABREGO; and

      51.   The conduct of Defendant OFFICERS ROBERT CALDERON, JEFF MARES, SERGEANT TONYA DUMMAR, SERGEANT ERNEST BERRY, SERGEANT ISAIAS ORNELAS, OFFICER ALBERTO FUNES, OFFICER RENEE SANTOS, OFFICER ERIC QUACH, OFFICER ROBERT DEAMER, OFFICER SOCORRO LOZA, and DOES 1 through 10, inclusive,, was reckless and acted with callous indifference to the federally protected rights of OMAR ABREGO and Plaintiffs. Defendant OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10, and each of them, engaged in despicable conduct by using unreasonable and excessive force and were malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiffs. As such, Plaintiffs are entitled to punitive damages in accord with

14

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

1  constitutionally permitted limits to punish and make an example of the individual

2  defendant officers.

3      52.     Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under

4  42 U.S.C. §1988, as a result of defendant Defendant OFFICERS ROBERT CALDERON

5  and JEFF MARES, SERGEANT TONYA DUMMAR, SERGEANT ERNEST BERRY,

6  SERGEANT ISAIAS ORNELAS, OFFICER ALBERTO FUNES, OFFICER RENEE

7  SANTOS, OFFICER ERIC QUACH, OFFICER ROBERT DEAMER, OFFICER

8  SOCORRO LOZA, and DOES 1 through 10's, inclusive, violations of decedent OMAR

9  ABREGO's and Plaintiffs' Civil Rights.

10     53.     The actions of Defendants SERGEANT TONYA DUMMAR, SERGEANT

11 ERNEST BERRY, SERGEANT ISAIAS ORNELAS, OFFICER ALBERTO FUNES,

12 OFFICER RENEE SANTOS, OFFICER ERIC QUACH, OFFICER ROBERT

13 DEAMER, OFFICER SOCORRO LOZA,  and DOES 1 through 10, inclusive in entering

14 and searching the plaintiffs' home constituted an unlawful and unreasonable search of the

15 plaintiffs home in the absence of a warrant, consent, an emergency or exigency, in

16 violation of the plaintiffs' rights to be free from such and entry and search of their home

   under the Fourth Amendment to the United States Constitution.

17     54.     As a direct and proximate result of the actions of Defendants

18 SERGEANT TONYA DUMMAR, SERGEANT ERNEST BERRY, SERGEANT

19 ISAIAS ORNELAS, OFFICER ALBERTO FUNES, OFFICER RENEE SANTOS,

20 OFFICER ERIC QUACH, OFFICER ROBERT DEAMER, OFFICER SOCORRO

21 LOZA, and DOES 1 through 10, Inclusive Plaintiffs were : 1) substantially physically,

22 mentally and emotionally injured; 2) incurred medical and psychological costs, bills and

23 expenses, 3) incurred lost wages and profits,

24 and 4) suffered terrible physical injury, pain and suffering, as well as mental and

25 emotional pain and suffering, and 5) suffered / is suffering lost wages and profits;

26 all in an amount to be proven at trial.

27     55.     The actions of said defendants, and each of them, as complained of

28 herein, were committed maliciously, oppressively and in reckless disregard of

15

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

OMAR ABREGO and Plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save CITY, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW)
### [MONELL CLAIM]
### [42 U.S.C. §§ 1983, 1985, 1986 AND 1988]
### (Plaintiffs Against Defendants City of Los Angeles, Los Angeles Police Department and Does 1-10, inclusive)

56.    Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

57.    At all times herein mentioned, Defendants CITY, LAPD and/or Does 1-10 maintained a custom, policy and practice to allow the violation of Civil Rights, including racial profiling of Hispanic Americans and the use of excessive force upon Hispanic Americans. All of these actions were done in violation of decedent OMAR ABREGO's and Plaintiffs' Civil Rights under Color of State Law and constituted a systematic custom, policy, practice and procedure instituted for denial of the Civil Rights of Plaintiffs and others.

58.    Prior to August 2, 2014, Defendants CITY, LAPD and/or Does 1-10, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional Rights of Hispanic Americans, which caused the violation of decedent OMAR ABREGO's and Plaintiffs' civil rights.

59.    It was the policy and/or custom of CITY, LAPD and/or Does 1-10, to inadequately supervise and train its officers in conducting seizures of Hispanic Americans, including the failure to adequately supervise and train Defendant OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10, thereby failing to adequately discourage further Constitutional violations on the part of its Officers.

60.    As a result of the above-described policies and/or customs, Officers of Defendants CITY and LAPD, including OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10, believed that their actions would not be properly monitored by

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

supervisory officers and that misconduct would not be investigated or sanctioned, and would be tolerated and accepted.

61.    The above-described policies or customs demonstrated a deliberate indifference on the part of the policy makers of Defendants CITY, LAPD and/or Does 1-10, to the constitutional rights of persons within their jurisdiction, and were the cause of the violations of decedent OMAR ABREGO's and Plaintiffs' Civil Rights as alleged herein.

62.    As a direct and proximate result of the conduct of defendants CITY, LAPD and/or Does 1-10, and each of them, Decedent OMAR ABREGO suffered the following injuries and damages for which Plaintiffs may recover:

a.    Violation of Decedent OMAR ABREGO's Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

b.    Loss of the life of Decedent OMAR ABREGO including the value of his life;

c.    Conscious physical pain, suffering and emotional trauma during the incident.

d.    As a direct and proximate result of the actions of Defendants, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

e.    Loss of love, aide, comfort and society due to the death of Decedent OMAR ABREGO, according to proof.

f.    Loss of economic support of Decedent OMAR ABREGO.

63.    The conduct of Defendant OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10, was reckless and acted with callous indifference to the federally protected rights of Decedent OMAR ABREGO and Plaintiffs. Defendant OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10, and each of them, engaged in despicable conduct by using excessive force and was malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiffs.

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

Plaintiffs are entitled to punitive damages in accord with statutorily permitted limits to punish and make an example of the individual defendant officers.

64.    Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendant OFFICERS ROBERT CALDERON and JEFF MARES and DOES 1-10's violations of decedent OMAR ABREGO's and Plaintiffs' Civil Rights.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE RALPH CIVIL RIGHTS ACTS UNDER CAL. CIV. CODE, §51.7
### (By Plaintiffs Against Defendants Officer Robert Calderon, Officer Jeff Mares, and Does 1-10, inclusive)

65.    Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

66.    California Civil Code section 51.7, also known as the Ralph Civil Rights Act, guarantees all persons within the jurisdiction of this state the right to be free from any violence committed against their persons because of their race or other protected characteristic.

67.    Plaintiffs are informed and believe and thereon allege that the incidents described and referenced in this complaint were motivated by Defendant OFFICERS ROBERT CALDERON and OFFICERS JEFF MARES and DOES 1-10, prejudice, disdain, and contempt for Hispanic Americans.

68.    Plaintiffs contend and herein allege that Defendant OFFICERS ROBERT CALDERON and OFFICERS JEFF MARES and DOES 1-10, intentionally engaged in the use of excessive and deadly force upon Decedent OMAR ABREGO, who was unarmed, and that said excessive and deadly force was motivated by decedent OMAR ABREGO's status as a Hispanic American.

69.    In doing the acts alleged in this complaint, Defendant OFFICERS ROBERT CALDERON and OFFICERS JEFF MARES and DOES 1-10, knew or should have known that their actions were likely to injure and kill decedent OMAR ABREGO. Plaintiffs are informed and believe, and therefore allege that Defendant OFFICERS

ROBERT CALDERON and OFFICERS JEFF MARES and DOES 1-10, intended to cause injury to decedent, and acted with a willful and conscious disregard of his rights as secured by Civ. Code section 51.7, thus entitling Plaintiffs to recover punitive damages pursuant to Civ Code section 52, subd. (b)(1).

70.   Defendant OFFICERS ROBERT CALDERON and OFFICERS JEFF MARES and DOES 1-10, violation of Plaintiffs rights as guaranteed by Civ Code section 51.7 entitles them to compensatory and punitive damages, a $25,000.00 civil penalty, and attorneys' fees, all of which are provided for in Civ Code section 52.1, subd. (b) and 52, and are requested below.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE BANE CIVIL RIGHTS ACTS UNDER CAL. CIV. CODE, §52.1
## (By Plaintiffs Against Defendants Officer Robert Calderon, Officer Jeff Mares, and Does 1-10, Inclusive)

71.   Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

72.   In doing the acts alleged in this complaint, Defendant OFFICERS ROBERT CALDERON and OFFICERS JEFF MARES and DOES 1-10, interfered, and attempted to interfere, by threats, intimidation and coercion, with decedent OMAR ABREGO's rights as secured by Civ. Code section 52.1, thus entitling Plaintiffs to recover punitive damages pursuant to Civ Code section 52, subd. (b)(1).

73.   Defendant OFFICERS ROBERT CALDERON and OFFICERS JEFF MARES and DOES 1-10, violation of Plaintiffs rights as guaranteed by Civ Code section 52.1 entitles them to compensatory and punitive damages, a $25,000.00 civil penalty, attorney's fees, and injuctive relief, all of which are provided for in Civ Code section 52.1, subd. (b) and 52, and are requested below.

## FIFTH CAUSE OF ACTION
## WRONGFUL DEATH – NEGLIGENCE
## C.C.P. §377.60 AND 377.61
## (By Plaintiffs Against Defendants Officer Robert Calderon, Officer Jeff Mares, and Does 1-10, inclusive)

19

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

74.    Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

75.    In engaging in the conduct alleged above, Defendant OFFICERS ROBERT CALDERON and OFFICERS JEFF MARES and DOES 1-10, while acting within the course and scope of their employment with Defendant LOS ANGELES POLICE DEPARTMENT, negligently and carelessly caused death to decedent, OMAR ABREGO, when they unlawfully seized, held, and/or detained him.

76.    As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of husband and father, decedent, in an amount according to proof at trail.

77.    Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs' have brought this action, and claim for damages from said Defendants for the wrongful death of Decedent, and the resulting injuries.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, for each cause of action, as follows:

1.    For all special damages including, but not limited to, future loss of earnings and support and loss of household services.

2.    For all general damages including, but not limited to, damages for pain, suffering, anguish, discomfort, severe emotional distress, disgust, terror, fright, anger, anxiety, worry, nervousness, shock, anguish and mental suffering, loss of enjoyment of life, loss of ability to engage in normal and customary activities, loss of comfort, society, care and companionship;

3.    For other and further special damages in a sum according to proof at the time of trial;

4.    For prejudgment interest according to proof;

7.    For punitive damages against OFFICERS ROBERT CALDERON and JEFF MARES and/or Does 1-10, in an amount according to proof at the time of trial;

20

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

1    8.    For costs of suit incurred herein;

2    9.    For other and further relief as this court may deem just and proper; and

3    10.    For legal fees, expenses and costs incurred in prosecution in the present action for violation of Civil Rights pursuant to 42 U.S.C. section 1988.

Dated: April 27, 2016    **TREYZON & ASSOCIATES, LLP**

By:  /s/ Federico C. Sayre
Federico C. Sayre
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in the instant action on all stated causes of action.

DATED: April 27, 2016    **TREYZON & ASSOCIATES, LLP**

By:  /s/ Federico C. Sayre
Federico C. Sayre
Attorney for Plaintiffs

PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES